IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARTOR KIKI BROWN | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIKE MOORE, et al. | : | No. 16-cv-3887 |

ORDER

AND NOW, this 11th day of September 2017, it is hereby ORDERED as follows:

1. Upon consideration of Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 32), the motion is GRANTED.[1] References in the Amended Complaint (Doc. No. 23) to C.O. John Doe shall be amended to refer to Sergeant Carter.

2. Upon consideration of Defendants Community Education Centers, Burns, and Sladex's Motion to Dismiss (Doc. No. 28) and Plaintiff's Opposition (Doc. No. 33), the motion is GRANTED. All claims against Defendants Community Education Centers, Sladex, and Burns are DISMISSED WITH PREJUDICE.

3. Upon consideration of Defendants Ronald Phillips and Mike Moore's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 31) and Plaintiff's Opposition (Doc. No. 33), the motion is GRANTED IN PART and DENIED IN PART.

    a. Summary Judgment is GRANTED in favor of Defendants Moore and Carter.

    b. The motion to dismiss is DENIED with respect to Defendant Phillips.

    c. The alternative motion for summary judgment is DENIED with respect to Defendant Phillips.

---

[1] As the only change made by this amendment is correcting the name of one of the Defendants, the Defendants' motions will be resolved as if addressed to the amended complaint. *See* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed.) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending . . . the court simply may consider the motion as being addressed to the amended pleading."); *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999).

Plaintiff Gartor Kiki Brown brings this pro se section 1983 suit alleging violations of his Eighth Amendment rights by a number of employees of the correctional facility where he is incarcerated. Before the Court is a motion to dismiss brought by the operator of the facility and two wardens, Defendants Sladex and Burns. Also before the Court is a motion to dismiss or in the alternative for summary judgment brought by a correctional officer, Defendant Moore, and the prison's doctor, Defendant Phillips. The Court finds that Brown has failed to state a claim against the operator or the wardens and dismisses those claims. The Court also finds that the Defendant Correctional Officers are entitled to summary judgment. However, because there is a genuine issue of material fact as to whether Defendant Phillips provided constitutionally inadequate medical care, the Court will deny his motion for summary judgment.

I. Background

Plaintiff Gartor Kiki Brown is an inmate at the George W. Hill correctional facility, a privately-run prison operated by Defendant Community Education Centers ("CEC"). Am. Compl. (Doc. No. 23), at 1. On September 9, 2015, Brown met with Defendant Mike Moore, a correctional officer at the prison, and requested to be transferred to a different housing unit. Pl.'s Opp. (Doc. No. 33), at 4. Brown told Moore that he had "enemies" living in his current housing unit. Pl.'s Opp., at 4. Moore denied Brown's request. Pl.'s Opp., at 5.

Just over a month later, on October 19, 2015, Brown was assaulted by two inmates. Pl.'s Opp., at 6. The inmates beat him and struck him in the face with a hard tray, knocking out a tooth. Pl.'s Opp., at 6. According to Brown, the incident left him in severe pain and he believed his jaw was broken. Pl.'s Opp., at 7. He was evaluated by at the prison infirmary by a doctor,

Defendant Ronald Phillips.[2] Pl.'s Opp., at 7. Brown asserts that despite being in obvious pain and having a jaw so swollen that another official remarked it looked like Brown had "a tennis ball in his jaw," Phillips did not provide any medical care or treatment to Brown. Pl.'s Opp., at 7. Prison medical records contradict this account, stating that Brown did not complain of any injuries when he was evaluated following the assault. Oct. 19 Injury Rpt.

Brown and the inmates who assaulted him were placed in separate cells in administrative segregation pending a hearing on the altercation. Oct. 19 Incident Rpt. (Doc. No. 31-2). On October 21, 2015, Defendant Carter, another correctional officer, accidently opened both the door to Brown's cell and the door to the cell of inmate Saleem Anderson—one of the inmates who had assaulted Brown—at the same time. Oct. 21 Incident Rpt. (Doc. No. 31-2). Anderson took advantage of this opportunity to assault Brown again. Pl.'s Opp., at 9. Brown asserts that during the assault he was knocked unconscious, hit his head on the floor, and cut his face, and that Dr. Phillips again refused to provide him with any treatment. Pl.'s Opp., at 11. Prison medical records also differ from Brown's account with respect to his treatment on October 21, indicating that the only injuries Brown complained of were scratches on his neck and hand. Oct. 21 Injury Rpt. (Doc. No. 31-2).

On July 18, 2016, Brown filed this pro se suit pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights against CEC, Moore, Phillips, and a warden, Defendant Sladex. (Doc. No. 1). The Court dismissed the allegations against CEC and Sladex, but permitted the claims against Moore and Phillips to go forward. Dec. 15, 2016 Order (Doc.

---

[2] Defendant Phillips was omitted from the captioned parties in Brown's amended complaint. Nevertheless, the allegations in the amended complaint and Plaintiff's affidavit make it clear that he intended to continue his suit against Phillips. In light of the content of these pro se pleadings and the Court's prior decision denying Phillip's motion to dismiss and permitting Brown's claims against him to move forward, *see* Dec. 15, 2016 Order (Doc. No. 15), the Court will construe the amended complaint together with Brown's prior complaint to include Phillips as a defendant. *See Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (requiring courts to liberally construe submissions by pro se litigants); *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (considering all of a pro se litigants separate submissions in determining whether his allegations state a claim).

No. 15). Brown amended his complaint, refiling the claims against CEC, Moore, and Sladex, and adding claims against another warden, Defendant Burns, and an anonymous corrections officer. Am. Compl. This corrections officer was later identified as Defendant Carter. Mot. for Leave to File Am. Compl. (Doc. No. 32).

On March 13, 2017, Defendants CEC, Burns and Sladex filed a motion to dismiss. (Doc. No. 28). Defendants Phillips and Moore filed a motion to dismiss or in the alternative for summary judgment. (Doc. No. 31). Brown filed an opposition to both of these motions. Pl.'s Opp. (Doc. No. 33). This opposition includes evidence based on Brown's personal knowledge about the events at issue. The Court will therefore treat it as an affidavit for purposes of the summary judgment motion. *See Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985) (treating a pro se prisoner's amended complaint as an affidavit for purposes of resolving a summary judgment motion).

II.   Legal Standard

  A.   Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When the sufficiency of this showing is attacked by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the issue must be analyzed in two steps. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated." *Id.* The factual allegations must be accepted as true and viewed in the light most favorable to the plaintiff, with all factual inferences taken in the plaintiff's favor. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). This requirement does not apply to allegations that merely state legal conclusions; such statements should be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Once any

conclusory statements are set aside, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires that the plaintiff allege enough facts "to raise a reasonable expectation" that the defendant is liable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

      B.      Motion for Summary Judgment

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Entry of judgment is appropriate if there is not a dispute of material fact as to "any element essential to [the non-moving] party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A fact is material if, under the governing law, it could affect the outcome of the action. *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 256 (3d Cir. 2013). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such evidence can be direct or circumstantial, but it "must be more than a scintilla." *Scheidemantle v. Slippery Rock Univ.*, 470 F.3d 535, 538 (3d Cir. 2006). The evidence need not be presented in an admissible form, but to be considered, it must be capable of admission at trial. *Celotex Corp.*, 477 U.S. at 324; *Williams v. Borough of West Chester*, 891 F.2d 458, 466 n.12 (3d Cir. 1989).

The moving party bears the initial burden of identifying those portions of the record that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.

5

The nonmoving party must then point to specific evidence in the record that establishes a genuine dispute of material fact. Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 257. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 744 U.S. at 255.

III.   Discussion

    A.   Defendant CEC

Brown has failed to sufficiently allege an illegal policy or practice so as to state a claim for entity liability against Defendant CEC. Section 1983 does not permit *respondeat superior* liability; an entity may only be found liable when injury resulted from the execution of a policy or custom of that entity. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003).

Brown fails to state more than conclusory allegations that Defendant CEC had an unconstitutional policy or custom. Although he alleges that CEC had a custom of housing inmates with disagreements near each other and of denying inmates medical treatment, *see* Am. Compl., at 4, he pleads no facts supporting the existence of such policies beyond his own single incident. Conclusory statements that a policy or practice exists are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678. Brown has not "set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). His claim must therefore be dismissed. This Court has previously dismissed Brown's claims against CEC on the same grounds, and permitted him to file this amended complaint. Dec. 15, 2016 Order (Doc. No. 15). Considering this "repeated failure to cure deficiencies" further amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Phillips v. Cty.*

*of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (plaintiff need not be given leave to amend if it would be futile). Consequently, the claims against Defendant CEC are dismissed with prejudice.

      B.      Defendants Sladex and Burns

Brown has not stated a valid claim against Defendants Sladex or Burns either directly or pursuant to a theory of supervisory liability. The liability of non-medical prison officials for inadequate medical treatment received by an inmate is limited by the natural division of labor within a prison. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Officials without medical expertise are entitled to rely on the judgment of the staff with that expertise. *Id.* Thus, a non-medical official does not act with deliberate indifference by failing to respond to an inmate's medical complaints if that inmate is already under the care of the prison's medical staff. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Such officials only act with deliberate indifference if they know or have reason to believe that the prison medical staff are mistreating the inmate. *Spruill*, 372 F.3d at 236.

Although Brown alleges that he complained to Sladex about the lack of medical treatment, he concedes that after both assaults, he was taken to the prison infirmary and evaluated by Dr. Phillips and the prison medical staff. Pl.'s Opp., at 7, 11. Neither Defendant Sladex nor Defendant Burns are physicians. Because they lack medical expertise, they have to rely on the medical staff's decisions about appropriate treatment. Had Brown been denied access to the medical staff, then wardens like Sladex and Burns would likely be responsible the denial of medical care. But Brown was not denied access to the infirmary—he was seen by the medical staff, who he alleges did not provide him with adequate treatment. Such a determination is beyond the ken of laymen like Sladex and Burns. *See Durmer*, 991 F.2d at 69. As a result, Brown has failed to state a claim against them for inadequate medical treatment.

Brown also alleges a theory of supervisory liability against Sladex and Burns. Supervisory liability under section 1983 is not a form of vicarious liability. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Instead, liability is premised on the supervisor's own deliberate indifference to "*known* deficiencies in a government policy or procedure." *Id.* To recover under this theory, the plaintiff must point to a specific supervisory policy or custom, and then show that:

> (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure.

*Id.* at 317.

Brown has failed to state a claim for supervisory liability because he has failed to make more than a conclusory allegation of a deficient supervisory policy. As with his *Monell* allegations against CEC, the only facts pleaded in support of these allegations are the single incident involving Brown. That single incident does not establish a policy or custom. And Brown does not even allege many of the other elements that must be shown, such establishing that his injuries were caused by the deficient supervisory policy. Having pleaded only "labels and conclusions, and a formulaic recitation of the elements," *Twombly*, 550 U.S. at 555, his supervisory liability claims against Defendants Sladex and Burns must be dismissed.

Brown alleged these same claims in his first complaint, and they were dismissed on the same grounds. His inability to cure these deficiencies through his amended complaint demonstrates that further amendments would be futile. *See Phillips*, 515 F.3d at 245. The claims against Defendants Sladex and Burns are therefore dismissed with prejudice.

C.     Defendants Moore and Carter

Summary judgment is appropriate for Defendants Moore and Carter.[3] Brown has not brought forward any evidence creating a dispute of material fact surrounding the culpability of the prison officials for the assaults against him. Defendants Moore and Carter are entitled to judgment as a matter of law because they did not have sufficient information prior to the October 19 assault to be aware of a serious risk to Brown's safety, and the October 21 assault was not the result of the officers disregarding the risk to Brown but rather was at most the result of Carter's negligence.

The Eighth Amendment imposes upon prison officials a duty "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A plaintiff asserting a claim for a violation of this right must prove three elements: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012).

Establishing deliberate indifference requires the inmate to prove that the prison official had subjective knowledge of an excessive risk to the inmate's safety, which the official disregarded. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). Thus to be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

---

[3] The Court finds that the arguments that warrant summary judgment for Defendant Moore also warrant summary judgment for Defendant Carter. Out of interests of judicial economy, the Court will grant summary judgment for Defendant Carter as well, even though he has been newly-added to this case and has not yet been served. There is no prejudice to Brown, as Defendant Moore's motion put Brown on notice to come forward with all of his evidence on the failure-to-protect claim. In fact, Brown's opposition includes evidence and argument with respect to Carter. *See* Pl.'s Opp., at 8, 10, 18. Nor is there prejudice to Carter, as the Court is entering summary judgment in his favor. Therefore, the Court is empowered to grant summary judgment for Carter *sua sponte*. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 224 (3d Cir. 2004).

At the time of the first assault, Defendants Moore and Carter did not have sufficient knowledge of a risk to Brown to constitute deliberate indifference. In his affidavit, Brown states that he met with Moore on September 9, 2015, and requested to be moved because he had "enemies" in the housing unit where he lived. Pl.'s Opp., at 4. Unlike the inmate in *Bistrian v. Levi*, who repeatedly told correctional officers that other inmates knew about his cooperation with authorities and had threatened him with violence, Brown did not tell Moore or Carter that he had received any specific threats or provide any details about the nature of his dispute with the other inmates. *See* 696 F.3d at 369. Inmates sometimes "feign their fear of physical harm simply to manipulate a transfer." *Young v. Quinlan*, 960 F.2d 351, 363 n.23 (3d Cir. 1992) (quoting *Mullen v. Unit Manager Weber*, 730 F. Supp. 640, 645 (M.D. Pa. 1990)). As a result, requests for a protective transfer need only be granted where officials find there is a credible fear. *Id.* In light of the lack of specific information given by Brown, Moore and Carter did not know enough about the risk to Brown to be deliberately indifferent to that risk.

After the October 19 assault, Moore and Carter certainly knew enough to be aware of a serious risk to Brown. However they took action—Brown and the other inmates were all placed in administrative segregation pending a hearing on the altercation. Oct. 19 Incident Rpt. This separation was a reasonable response to the altercation and satisfied the duty the officers had to protect Brown from further assaults. *See Farmer*, 511 U.S. at 844. Nevertheless, a second assault occurred on October 21 when Carter "accidently let both inmates out at the same time." Oct. 21 Incident Rpt. Brown argues that Carter intentionally opened both doors in order to facilitate the assault. Pl.'s Opp., at 18. But he offers no evidence that the doors were opened intentionally, just his speculation that the correctional officers wanted to assault to take place. "[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to

defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). Without evidence that the simultaneous opening of the doors was not an accident, Brown can at most establish that Carter was negligent. Deliberate indifference requires proof of beyond mere negligence. *Farmer*, 511 U.S. at 835. Moore and Carter are thus entitled to summary judgment.

        D.        Defendant Phillips

Brown has stated a valid claim against Defendant Phillips and that claim may proceed because there are genuine issues of material fact as to whether Phillips violated Brown's constitutional rights to adequate medical care. Prison medical staff violate the Eighth Amendment if they "deny reasonable requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury.'" *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976)). Prison officials can only be liable for inadequate medical treatment if the plaintiff establishes deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Errors in medical judgment cannot establish deliberate indifference—such errors would at most be medical malpractice, not a violation of the Constitution. *Estelle*, 429 U.S. at 107. But "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,'" deliberate indifference is manifest. *Lanzaro*, 834 F.2d at 346 (quoting *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir.1985)).

In addition to deliberate indifference, the plaintiff must also show that his medical need was serious. *Estelle*, 429 U.S. at 106. To be serious, the plaintiff's condition must obviously require medical attention, or have been previously diagnosed by a doctor as needing treatment. *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005). The condition must also be one

that would result in "substantial and unnecessary suffering, injury, or death" if left untreated. *Id.* (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)).

The amended complaint, as construed with the original complaint, states a claim against Defendant Phillips. The Court previously reached this same conclusion when it permitted Brown's original complaint against Phillips to survive the motion to dismiss. Dec. 15, 2016 Order (Doc. No. 15). As the Court stated in that order: "Plaintiff has alleged that he suffered from a serious medical need—a broken jaw . . . that Dr. Phillips saw him in person and knew of his need for medical attention, but that 'nothing was done.'" *Id.* These allegations meet the test for deliberate indifference. *See Lanzaro*, 834 F.2d at 346. The motion to dismiss is denied.

Phillip's alternative motion for summary judgment is also denied. Brown's affidavit creates a genuine issue of material fact as to whether Defendant Phillips was deliberately indifferent to Brown's serious medical needs. Brown's affidavit states that when he was brought to the infirmary following the October 19 assault, his pain was apparent and severe enough that he could not open his mouth. Pl.'s Opp., at 7. Speaking through clenched teeth, Brown informed Phillips that he had been struck in the face with a "hard lunch tray" and had broken his jaw. Pl.'s Opp., at 7. His injury had obvious physical manifestations—one prison official who was present remarked in front of Phillips that Brown "looks like he has a tennis ball in his jaw." Pl.'s Opp., at 7. Despite these symptoms, Phillips failed to provide Brown with any treatment whatsoever.

Brown makes similar assertions about the aftermath of the October 21 assault. When he was brought to the infirmary, Brown's face was bleeding and he informed Phillips that he had been knocked unconscious during the assault, hitting his head on the floor. Pl.'s Opp., at 11. Again, no treatment was given. Pl.'s Opp., at 11.

The readily apparent pain and physical symptoms that Phillips saw clearly indicated a serious medical need. A potentially broken jaw obviously requires medical attention and could have serious effects if left untreated. *See Woloszyn*, 396 F.3d at 320. Brown's affidavit provides evidence that Phillips was aware of Brown's serious medical needs and yet refused to provide treatment—establishing deliberate indifference. *See Lanzaro*, 834 F.2d at 346.

Defendants have submitted injury reports that state that Brown was evaluated on both October 19 and October 21, 2015. Injury Rpts. (Doc. No. 31-3), at 1, 3. According to the reports, Brown did not complain of any injuries on October 19, and complained only of scratches to his nose and hand on October 21. *Id.* These reports tell a very different story about Brown's injuries than the evidence put forward in Brown's affidavit. This dispute of fact is clearly material, as the seriousness of Brown's medical needs are an element of his Eighth Amendment claim. *See Estelle*, 429 U.S. at 106. Because there is a genuine dispute of material fact, summary judgment cannot be granted for Defendant Phillips.

IV. Conclusion

For the foregoing reasons, the claims against Defendants CEC, Sladex, and Burns are dismissed with prejudice. Defendant Moore's motion for summary judgment is granted. Summary judgment is entered in favor of Defendants Moore and Carter. Defendant Phillips' motion to dismiss or in the alternative for summary judgment is denied. Plaintiff's claims may proceed against the sole remaining Defendant—Ronald Phillips.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.