# In The United States District Court For The Eastern District Of Pennsylvania

Gartor Kiki Brown

V.

No. 16-CV-3887

Mike Moore, et al.,

## Plaintiff's Response To Defendant Phillip's Motion For Summary Judgment & Defendant's Opposition To Plaintiff's Motion For Trial

1. Too many times pro se "inmates", "inmates", & "minorities" get tooken advantage of though the courts; to the point it might be synonymous with "discrimination". Thus Brown's improved ability to litigate gives him a "firmer grape" than most, even with a conservative Judge.

2. As the aphorism go's "if you hear hooves at the door, think horses not zebra's," in contrast the issues at hand in this case is "black & white" like zebra stripes. Consequently Brown do not have to respond to (Docket 61) Defendant's Motion For Summary Judgment; here is why.

3. Defendants moved to Dismiss Plaintiff's Complaint, or "Alternative More Definite statement" (Doc 10). Defendants Community Education Center Inc, Warden Burns & Henry Sladex also Moved to Dismiss Brown's Complaint Alternative More Definite statement (Doc 10).

4. (Exhibit A) is the First Page from (Doc 15) an order Granting (Doc 10) in Part; the Motion was Denied with respect to failure-to-Protect "against" Moore & inadequate medical treatment against Phillips. Motion was Granted with respect to other claims & claims against C.E.C & Henry Sladex were dismiss with out prejudice. (Exhibit A)

5. Contrary to (Exhibit D), Defendant Phillips Memorandum of law in support of opposition to Plaintiff's Motion For Trial in which defendant claimed "there was no deadlines set by the court for discovery" (Exhibit B) contradicts that. (Doc 14) filed 12/15/16, same day as (Exhibit A). It clearly stated that "discovery shall be completed on or before February 27, 2017. Also see (Exhibit C), Brown send the court a copy of the same production of document he send defendants Filed Feb/8/17. Defendants at the time failed to respond to Plaintiff's discovery. This impaired Brown from filing any dispositive motion.

6. Defendants C.E.C., Warden Burns, & Henry Sladex's filed a "Motion To Dismiss Plaintiff's Amended Complaint in the Alternative Motion For More Definite statement" see (Exhibit E) first page of Doc 28) filed on 3/13/17. Defendants "Dr. Phillips & Moore" subsequently filed a Motion To Dismiss In The Alternative For Summary Judgment (Doc 31) filed on 4/13/17 see (Exhibit F) first page of the motion. Brown's opposition followed (Doc 33).

7. (Exhibit G) is an order dated Sep. 11, 2017 should be (Doc 37) John Doe was amended to refer to sgt. Carter, Defendants C.E.C., Burns, & Sladex Motion to dismiss (Doc 28) was "Granted all claims against them was dismiss with prejudice." Defendants Phillips & Moore "Motion To Dismiss, or In The Alternative For Summary Judgment (Doc 31) was Granted in Part & Denied in Part. Summary Judgment was Granted in favor of Moore & Carter. The Motion To Dismiss was denied with respect to Defendant Phillips. The Alternative Summary Judgment was also Denied with respect to Defendant Phillips.

8. (Exhibit H) Page 12 of (Doc 37) breaks down as to why the Motion to dismiss was denied & also addressing Phillips alternative motion for Summary Judgment in which was also denied. The Court made it clear that the Amended Complaint was construed with the original complaint. It also cited that the Court previously reached the same conclusion when it permitted Brown's original Complaint against Phillips to survive the motion to dismiss, this was prior to addressing the Summary Judgment in which was denied as to Phillips. Dr. Phillips.

9. Plaintiff claims that it was unconventional that Honorable Legrome D. Davis did not schedule a Pretrial Conference to determine a trial date after the denial of Summary Judgment by Dr. Phillips. It should also be noted that Brown is Pro Se & defendant lawyers are well aware of the Civil rules, in which at the time they were aware that there had not been any discovery conducted prior to submitting (Docket 31).

10. Apparently the case was also reassigned from Judge Davis to Honorable McHugh, in which may had caused some confusion, however the reassigning of the case dose not give defendant Phillips new leverage to resubmit another summary judgment when it was clearly recorded that defendant summary judgment motion was adressed & denied in the order dating Sep. 11, 2017. See (Exhibit G)(Doc 37).

11. It should also be noted that it was defendants that initiated the unconventional practice by articulating a Motion To Dismiss, In The Alternative Motion For Summary Judgment prior to serving plaintiff with any discovery as a method to suffocate the Pro Se inmate. For the reason stated, plaintiff waive any response to (Docket 60) Defendant Phillips Motion For Summary Judgment, the record shows that his motion was denied on September 11th, 2017. Brown seeks Trial at the court's convenience.

12. It should also be noted that the courts Judge Davis rejected to address Defendants summary judgment in another case Brown v. Phillips 16-cv-2566 around the same time as the September 11th 2017 order. The order in Brown v. Phillips 16-cv-2566 (Exhibit I & J) was entered on September 6, 2017. Defendants went for a Motion To Dismiss, Plaintiff's Complaint, or in the Alternative, Motion For Summary Judgment, claiming that defendants including Phillips arguments in support of summary judgment were cursory, Honorable Davis only addressed the Motion as a Motion To Dismiss see (Exhibits I, J) This may had also confused defendant Phillips pursuant to the case at hand Brown v. Moore inasmuch he is a defendant in both cases.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARTOR KIKI BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MIKE MOORE, et al. | : | No. 16-cv-3887 |

ORDER

AND NOW, this 15th day of December 2016, upon consideration of Defendants' Motion to Dismiss or in the Alternative for a More Definite Statement (Doc. No. 10), Plaintiff's Motion to Appeal Defendants' Motion to Dismiss (Doc. No. 11), and Defendant C.E.C. Community Education Center's Motion to Join Defendants' Motion to Dismiss (Doc. No. 13), it is hereby ORDERED as follows:

1. Defendant C.E.C. Community Education Center's Motion to Join (Doc. No. 13) is GRANTED.

2. Defendants' Motion to Dismiss (Doc. No. 10) is GRANTED IN PART and DENIED IN PART. The motion is DENIED with respect to Plaintiff's failure-to-protect claim against Defendant Moore and Plaintiff's inadequate-medical-treatment claim against Defendant Phillips. The motion is GRANTED with respect to all other claims and defendants.

3. The claims against Defendants Henry Sladex and C.E.C. Community Education Center are DISMISSED WITHOUT PREJUDICE.

4. Plaintiff may file an amended complaint no later than January 3, 2017.

5. Defendant's motion in the alternative for a more definite statement is DENIED.

I.   Background

On July 18, 2016, Plaintiff Gartor Kiki Brown filed a complaint alleging deprivations of his constitutional rights in violation of 42 U.S.C. § 1983. Compl. (Doc. No 1-1). Defendants Mike Moore, Ronald Phillips, and Henry Sladex subsequently filed a motion to dismiss or

1

alternatively for a more definite statement on September 30, 2016. Mot. to Dismiss (Doc. No. 10). Plaintiff responded with a filing styled as a "Motion to Appeal Defendants Motion to Dismiss" on September 15, 2016. Mot. to Appeal (Doc. No. 11) In November 2016, Defendant C.E.C. Community Education Center ("C.E.C.") moved to join other defendants' motion to dismiss. Mot. to Join (Doc. No. 13).

Taken together, the facts alleged in the Complaint and the Motion to Appeal are as follows.[1] Plaintiff is an inmate at the George W. Hill Correctional Facility, a prison operated by Defendant C.E.C. Compl., at 1, 3. Defendant Henry Sladex is a Deputy Warden at the prison. Compl., at 2. Around September 9, 2015, Plaintiff met with a prison official, Defendant Mike Moore, and informed him that he had enemies in his housing unit. Mot. to Appeal, at 5. Nevertheless, Moore refused to move Plaintiff to a different unit, telling Plaintiff that his custody level took priority over his safety. Compl., at 3; Mot. to Appeal, at 5.

The next month, Plaintiff was assaulted on two different occasions, on or around October 19, 2015, and October 21, 2015. Compl., at 2–3. These assaults were perpetrated by a number of fellow inmates, including an inmate Anderson. Mot. to Appeal, at 6. Plaintiff suffered significant injuries in these assaults; his jaw was broken and he lost a tooth. Compl., at 3. Plaintiff sought medical attention for these injuries and was seen by a doctor at the prison, Defendant Ronald Phillips. Mot. to Appeal. However, "nothing was done" to treat any of Plaintiff's injuries. Mot. to Appeal, at 5.

---

[1] The Court is obligated to liberally construe pleadings and other submission filed by pro se litigants. *Higgs v. Atty. Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). The Court will therefore construe the Complaint (Doc. No. 1) and the Motion to Appeal (Doc. No. 11) together as one complaint in its consideration of the motion to dismiss. *See Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (considering all of a pro se litigants separate submissions in determining whether his allegations state a claim upon which relief can be granted); *Bush v. City of Philadelphia*, 367 F. Supp. 2d 722, 725–26 (E.D. Pa. 2005) ("[I]n cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they 'are consistent with the allegations in the complaint.'" (quoting *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004))).

2

(Exhibit B)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARTOR KIKI BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MIKE MOORE, et al. | : | No. 16-cv-3887 |

## SCHEDULING ORDER

AND NOW, this 15th day of December 2016, it is hereby ORDERED as follows:

1. All factual and expert discovery shall be completed on or before February 27, 2017.

2. Dispositive motions shall be filed on or before March 13, 2017.

3. Responses to dispositive motions shall be filed no later than March 27, 2017. Any reply in support of dispositive motions may be filed only with leave of the Court.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

United States District Court
Eastern District Of Pennsylvania (Exhibit C)

Gartor Kiki Brown
:
: Production of
v. : Documents
:
Mike Moore, et al : Civil Action No. 16-03887

RECEIVED FEB 8 2017

FILED FEB - 0 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Gartor Kiki Brown requests that Defendants [Mike Moore, Dr. Ronald Phillips, Henny Sladex] produce for inspection and copying the following documents:

1) All written statements, originals or copies, identifiable as reports about the incidents on and around 10/19/2015 & 10/21/2015, made by George W. Hill Correctional Facility employees and or witnesses.

2) Any and all medical records of plaintiff from the time of his incarceration at George W. Hill on August 31, 2015 through and including the date of your response to this request, as well as medical records on the dates of the incidents

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Exhibit D)

GARTOR KIKI BROWN :
:
:
:
v. : NO.: 16-3887
:
:
:
MIKE MOORE, ET. AL. :

## DEFENDANT, DR. PHILLIPS, MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR A TRIAL.

Defendant respectfully requests that the Motion for trial be denied, as the Defendant requests that Court to first determine Defendant's Motion for Summary Judgment and conduct a pretrial conference before trial is scheduled.

With no deadlines set by the Court for discovery, Defendant Phillips assumed that Plaintiff was still conducting discovery in this matter. However, with the filing of this Motion seeking a trial, it was understood for the first time that the Plaintiff is not done with discovery and wishes to proceed to trial. Plaintiff's Motion prompted the Defendant to move for summary judgment, a motion which is now pending before the Court. (Document 61). Since discovery has not shown any involvement by Dr. Phillips in the medical care of the Plaintiff for this incident, and the medical records show that the Plaintiff did receive treatment and now claims that this is inadequate, it is Defendant's position that Plaintiff cannot present any evidence of deliberate indifference to his medical needs at trial. Defendant should be entitled to have his motion decided on the merits before going through the time and expense of trial preparation.

1

(Exhibit E)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARTOR KIKI BROWN** | : |
| | : |
| | : NO.: 16-2566 |
| | : |
| v. | : |
| | : **JURY TRIAL** |
| | : **DEMANDED** |
| | : |
| **MIKE MOORE, ET. AL.** | : |

**DEFENDANTS, COMMUNITY EDUCATION CENTERS, INC., WARDEN BURNS,
AND HENRY SLADEX'S MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendants Community Education Centers, Inc., Warden Byrne (incorrectly identified as "Warden Burns"), and Henry Sladex, by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Memorandum of Law in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) and in support thereof aver the following.

**I.   FACTUAL BACKGROUND**

Plaintiff claims constitutional violations of deliberate indifference to Plaintiff's safety and to his medical needs, presumably under the Eighth Amendment of the U.S. Constitution against the individual Defendants. (Document 3).

Defendants' filed a Motion to Dismiss, which was granted in part and denied in part by the Court, and giving Plaintiff leave to amend the complaint to add claims as to dismissed Defendants Sladex and Community Education Centers, Inc. (Court Order, Document 15).

1

(Exhibit F)

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARTOR KIKI BROWN** | : |
| | : |
| | : NO.: 16-3887 |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| **MIKE MOORE, ET. AL.** | : |

### DEFENDANTS, DR. RONALD PHILLIPS AND MIKE MOORE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR
### IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendants Ronald Phillips and Mike Moore, by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Memorandum of Law in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) or in the alternative for Summary Judgment and in support thereof avers the following.

### I.  FACTUAL BACKGROUND

Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims that he was assaulted in or around October 19, 2015 and October 21, 2015, and his injuries were not adequately treated by medical staff. (Document 3, pp. 2-3). However, it is unclear from the Complaint who assaulted the Plaintiff and how Defendants were allegedly involved such that they could have prevented such an assault.

Plaintiff claims that he was assaulted by other inmates at the George W. Hill Correctional Facility on October 19, 2015 and October 21, 2015. He claims he warned

1

(Exhibit G)
(Doc 37)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARTOR KIKI BROWN | : | CIVIL ACTION |
| | : | |
| | : | FILED SEP 1 1 2017 |
| v. | : | |
| | : | |
| MIKE MOORE, et al. | : | No. 16-cv-3887 |

ORDER

AND NOW, this 11th day of September 2017, it is hereby ORDERED as follows:

1. Upon consideration of Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 32), the motion is GRANTED.[1] References in the Amended Complaint (Doc. No. 23) to C.O. John Doe shall be amended to refer to Sergeant Carter.

2. Upon consideration of Defendants Community Education Centers, Burns, and Sladex's Motion to Dismiss (Doc. No. 28) and Plaintiff's Opposition (Doc. No. 33), the motion is GRANTED. All claims against Defendants Community Education Centers, Sladex, and Burns are DISMISSED WITH PREJUDICE.

3. Upon consideration of Defendants Ronald Phillips and Mike Moore's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 31) and Plaintiff's Opposition (Doc. No. 33), the motion is GRANTED IN PART and DENIED IN PART.

    a. Summary Judgment is GRANTED in favor of Defendants Moore and Carter.

    b. The motion to dismiss is DENIED with respect to Defendant Phillips.

    c. The alternative motion for summary judgment is DENIED with respect to Defendant Phillips.

ENTERED
SEP 1 1 2017
CLERK OF COURT

---

[1] As the only change made by this amendment is correcting the name of one of the Defendants, the Defendants' motions will be resolved as if addressed to the amended complaint. *See* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed.) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending . . . the court simply may consider the motion as being addressed to the amended pleading."); *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999).

1

M (Exhibit H)

that would result in "substantial and unnecessary suffering, injury, or death" if left untreated. *Id.* (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)).

The amended complaint, as construed with the original complaint, states a claim against Defendant Phillips. The Court previously reached this same conclusion when it permitted Brown's original complaint against Phillips to survive the motion to dismiss. Dec. 15, 2016 Order (Doc. No. 15). As the Court stated in that order: "Plaintiff has alleged that he suffered from a serious medical need—a broken jaw . . . that Dr. Phillips saw him in person and knew of his need for medical attention, but that 'nothing was done.'" *Id.* These allegations meet the test for deliberate indifference. *See Lanzaro*, 834 F.2d at 346. The motion to dismiss is denied.

Phillip's alternative motion for summary judgment is also denied. Brown's affidavit creates a genuine issue of material fact as to whether Defendant Phillips was deliberately indifferent to Brown's serious medical needs. Brown's affidavit states that when he was brought to the infirmary following the October 19 assault, his pain was apparent and severe enough that he could not open his mouth. Pl.'s Opp., at 7. Speaking through clenched teeth, Brown informed Phillips that he had been struck in the face with a "hard lunch tray" and had broken his jaw. Pl.'s Opp., at 7. His injury had obvious physical manifestations—one prison official who was present remarked in front of Phillips that Brown "looks like he has a tennis ball in his jaw." Pl.'s Opp., at 7. Despite these symptoms, Phillips failed to provide Brown with any treatment whatsoever.

Brown makes similar assertions about the aftermath of the October 21 assault. When he was brought to the infirmary, Brown's face was bleeding and he informed Phillips that he had been knocked unconscious during the assault, hitting his head on the floor. Pl.'s Opp., at 11. Again, no treatment was given. Pl.'s Opp., at 11.

(Exhibit I)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARTOR BROWN | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| RONALD PHILLIPS, et al. | : NO. 16-2566 FILED SEP -6 2017 |

## ORDER

AND NOW, this 5th day of September 2017, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for Summary Judgment (Doc. No. 27) and Plaintiff's Opposition (Doc. No. 34), it is hereby ORDERED as follows:

1. Defendants' Motion to Dismiss (Doc. No. 27) is GRANTED in part and DENIED in part.

    a. Defendant's Motion is GRANTED with respect to the claims of failure to protect against Ronald Phillips, Michael Moore, and Kristen Grady.

    b. The claims of failure to protect against Ronald Phillips, Michael Moore, and Kristen Grady are DISMISSED WITH PREJUDICE.

    c. Defendants' Motion is DENIED with respect to the claims of deliberate indifference to medical needs against Ronald Phillips and Kristen Grady.

    d. To the extent Brown brings a claim against Michael Moore for deliberate indifference to Brown's medical needs, the claim is DISMISSED WITH PREJUDICE.

    e. Plaintiff's equal protection claims against Ronald Phillips, Michael Moore, and Kristen Grady are DISMISSED WITHOUT PREJUDICE. Plaintiff may amend the complaint with respect to this claim on or before September 26, 2017.

    f. Plaintiff's claims against Lieutenant John Doe, C.E.C., Beese, Keith Hayard, John Reildy, David Burns, Mario Colucci, Henry Sladex, Chief Lynch, the Delaware County Prison Board of Inspectors, and Delaware County are DISMISSED WITHOUT PREJUDICE. Plaintiff may submit an amended complaint on or before September 26, 2017, with respect to these Defendants.

    g. The Clerk of the Court is respectfully directed to provide Plaintiff with Form **ENTERED** to be completed for the service of Defendant Nurse Alassa.

SEP -7 2017

CLERK OF COURT

( Exhibit )

allegations regarding their conduct in the equal protection claim. Therefore, Brown's equal protection claim is dismissed without prejudice.

    d. Defendants' Motion in the Alternative for Summary Judgment

Defendants move, in the alternative, for summary judgment, and attach prison records related to intake and medical treatment. This Court has discretion to either convert a motion to dismiss into a motion for summary judgment, or to ignore the matters presented outside the pleadings and continue to treat the filing as a motion to dismiss. See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). Adequate notice must be provided when converting a motion to dismiss into a motion for summary judgment, particularly when a plaintiff is a pro se prisoner. See Renchenski v. Williams, 622 F.3d 315, 340 (3d Cir. 2010) ("adequate notice in the pro se prisoner context includes providing a prisoner-plaintiff with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit"); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) ("when a court acts on its own in a way that significantly alters a pro se litigant's rights – for example, by converting one type of motion into a different type of motion – the court should inform the pro se party of the legal consequences").

Although Defendants' motion was styled as a motion to dismiss, or in the alternative, a motion for summary judgment, Defendants' arguments in support of summary judgment are cursory. In addition, even though Plaintiff titled his response as "Brief in Opposition Motion to Dismiss Cross Summary Judgment" and attached a declaration from a fellow inmate (Doc. No. 34), Plaintiff has not been provided with all of the notice that Renchenski requires. Accordingly, this Court declines to convert Defendants' motion into a motion for summary judgment and does

ask the court for copys

# Certificate OF Service

I hereby State that I am Gartor Kiki Brown Plantiff in this Case. On ____4____ day of __1__ 20__20__ Plaintiff's Response To Defendant Phillip's Motion For Summary Judgment & Defendant's Opposition To Plantiff's Motion For Trial was Put In to the Prison Mail box for first Class Postage to the address below.

United States District Court
601 market St. Philadelphia, PA 19106

dated 4/1/20

Gartor Brown NA6401
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239

Smart Communications/PADOC

SCI- Forest

Name Garfor Brown

Number NA6a0l

PO Box 33028

St Petersburg FL 33733

INMATE MAIL

neopost
04/07/2020
US POSTAGE $000.80⁰

ZIP 16239
041M12251506

United States District Court
601 market S+
Philadelphia, PA 19106

